UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAFAEL ESPINO AVALOS,

    Plaintiff,

v.

SHERIFF DAVID HARDIN,

    Defendant.
_____/

Case No. 2:25-cv-1008-KCD-DNF

## ORDER

Petitioner Rafael Espino Avalos has filed an amended habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 4.)[1] He claims that the Attorney General is holding him without a bond hearing in violation of the Immigration and Nationality Act ("INA"), and his continued detention without a hearing contravenes the Fifth Amendment and Administrative Procedure Act. (*Id.* at 12-14.) Defendant responded. (Doc. 8.) For the reasons below, the petition is **GRANTED IN PART AND DENIED IN PART**.

Avalos illegally entered the United States in 2003. (Doc. 4 ¶ 17.) He has "lived in the United States for more than two decades." (*Id.* ¶ 23.) Three months ago, Florida Highway Patrol Officers conducted a traffic stop and determined

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Avalos was in the United States illegally. (*Id.* ¶ 1.) After processing, he landed at Glades County Detention Center in the Middle District of Florida. (*Id.*)

ICE is holding Avalos under 8 U.S.C. § 1225. (*Id.* ¶ 2.) This matters because aliens detained through § 1225(b)(2) must remain in custody throughout their removal proceedings. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("[Sections] 1225(b)(1) and (b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded."). Avalos is now in removal proceedings and being charged with unlawfully entering the United States. (Doc. 8-1.)

The heart of this case is a question of statutory interpretation involving the interplay between 8 U.S.C. §§ 1225 and 1226. According to Avalos, the Attorney General is unlawfully holding him under § 1225(b)(2), which mandates his detention, instead of under § 1226(a)'s discretionary detention scheme, where he could be eligible for release. As a result, his continued detention without a bond hearing is unconstitutional.

As the Government concedes, the Court has already covered this ground and addressed the issues raised by Avalos. *See Hernandez-Lopez v. Hardin, et al.*, No. 2:25-CV-830-KCD-NPM, 2025 WL 3022245 (M.D. Fla. Oct. 29, 2025); *Garcia v. Noem*, No. 2:25-CV-00879-SPC-NPM, 2025 WL 3041895, at *6 (M.D. Fla. Oct. 31, 2025). There, the Court was satisfied of its jurisdiction and found that petitioners were being held in violation of their rights under the INA,

2

entitling them to habeas relief. The same result applies here. It is undisputed that Avalos has been in the United States since at least 2003. His detention is thus governed by § 1226. And as a noncitizen detained under § 1226, Avalos is entitled to a bond hearing. *See Jennings*, 583 U.S. at 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Avalos seeks a writ of habeas corpus ordering his "immediate release from custody." (Doc. 1 at 15.) But that is not something the Court can do. "[Section] 1226(a)(1) grants the executive branch discretion to determine whether to detain or release a noncitizen who is facing removal proceedings." *Hulke v. Schmidt*, 572 F. Supp. 3d 593, 596 (E.D. Wis. 2021). Avalos is an alien without lawful status. So he is entitled to a bond hearing under § 1226(a), not immediate release. *See, e.g.*, *Lopez-Arevelo*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *12 (W.D. Tex. Sept. 22, 2025). Consistent with the "comfortable majority position," the Court will instead require Respondents to provide Avalos with the statutory process required under § 1226(a), which includes a bond hearing. *Id.*

One last issue. Avalos' petition also challenges his detention under the Fifth Amendment. These claims are not addressed "given that the Court [is granting] the relief [Avalos is entitled to] based on its interpretation of the applicability of § 1226(a)." *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL

2609425, at *8 (E.D. Mich. Sept. 9, 2025). If Respondents do not provide Avalos with a bond hearing as ordered, he can renew his Fifth Amendment claims in a subsequent complaint.

For the reasons given, Avalos' Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED IN PART AND DENIED IN PART**. The Court orders Respondents to provide Avalos with the statutory process required under § 1226, which includes a bond hearing. All other relief is **DENIED**. The Clerk is directed to terminate any pending motions and deadlines and close the case.[2]

**ORDERED** in Fort Myers, Florida on December 10, 2025.

Kyle C. Dudek
United States District Judge

---

[2] The Court is aware of a pending California case that certified a class action of aliens who, like Avalos, are in immigration detention and being denied access to a bond hearing. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025). But no final judgment has been issued in *Bautista* to bind the parties here. And the Court finds no prudential reason to dismiss or stay this case in the meantime because Avalos will seemingly need to return to this jurisdiction to obtain the habeas relief sought. *See, e.g., Alli v. Decker*, 650 F.3d 1007, 1015 (3d Cir. 2011); *J.E.F.M. v. Holder*, 107 F. Supp. 3d 1119, 1144 (W.D. Wash. 2015).